UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KIM A. DOUGHERTY, | Case No. 11-CV-2404 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CHISAGO COUNTY, | |
| Defendant. | |

Kim A. Dougherty, pro se.

Margaret A. Skelton and Scott E. Schraut, RATWIK, ROSZAK & MALONEY, P.A., for defendant.

This matter is before the Court on plaintiff Kim A. Dougherty's objections[1] to the March 27, 2013 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. In his R&R, Judge Leung recommends granting defendant Chisago County's motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Leung's analysis and adopts the R&R. Only two issues merit comment:

*First*, Dougherty's objections are based primarily on the R&R's alleged failure to "correctly state[] the facts" and "consider certain evidence in support of [her] claims." Am. Obj. at 1 [ECF No. 43]. But Dougherty submitted *no* evidence to Judge Leung in response to Chisago County's motion for summary judgment, because, she says, she "did not realize [she] was

---

[1]Dougherty filed both an objection [ECF No. 42] and an amended objection [ECF No. 43] to the R&R. Dougherty claims that some pages were omitted from her original objection, *see* ECF No. 43-1, but the two objections appear to be substantively identical. All citations in this order are made to the amended objection.

required to present [her] supporting evidence" at that time.[2] *Id.* Judge Leung can hardly be faulted for failing to consider evidence that Dougherty did not submit.

Dougherty submitted 218 pages of exhibits with her objections, and she asks this Court to consider this new evidence. Whether to reopen the evidentiary record is within the Court's discretion. *See* 28 U.S.C. § 636(b)(1) (stating that a district judge "may" receive further evidence when considering objections to an R&R). A court does not abuse its discretion by failing to consider new evidence where, as here, the party asking to present the new evidence was well aware of the existence and potential relevance of that evidence at the time of the hearing before the magistrate judge and nevertheless chose, for whatever reason, neither to present the evidence nor to seek a continuance so that the evidence could be presented. *Cf. United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008) (affirming trial court's denial of motion to reopen objections where the defendant did not explain why he could not have raised his objection earlier).

In any event, the Court has reviewed the evidence submitted by Dougherty and finds that the majority of that evidence is irrelevant to her claims. As for the relevant evidence, the most that can be said for it is that it tends to show that Dougherty did not commit quite as many workplace infractions as Chisago County claims, and that a few of the infractions that she did commit may have been justified by extenuating circumstances.[3] But none of the newly submitted

---

[2]Dougherty also failed to timely file a memorandum in opposition to Chisago County's motion for summary judgment. Under Local Rule 7.1(c)(2), Dougherty was required to file and serve her memorandum no later than November 26, 2012 — i.e., 21 days after Chisago County filed its motion. Not until December 13 — only four days prior to the hearing on the motion — did Dougherty file her six-page "plaintiff's summary." *See* ECF No. 37.

[3]Although the evidence submitted by Dougherty is unclear, it appears that Dougherty may
(continued...)

evidence addresses the fundamental problem with Dougherty's lawsuit:  The law does not make

it unlawful to treat an employee unfairly or rudely or arbitrarily, as Dougherty seems to believe.

Rather, as relevant to this case, the law only makes it unlawful to discriminate against an

employee on account of her sex or age or to retaliate against an employee for engaging in

protected activity.

Dougherty has cited no evidence from which a reasonable jury could conclude that she

was fired on account of her sex or age, or that she was retaliated against for engaging in protected

activity.  For example, Dougherty does not cite — and nowhere in Dougherty's exhibits can the

Court find evidence of — any similarly situated male employee or younger employee who was

not terminated by Chisago County despite committing infractions similar to those committed by

Dougherty.  Without such evidence, Dougherty cannot prevail on her discrimination claims.  *See*

*Thomas v. Corwin*, 483 F.3d 516, 528, 529-30 (8th Cir. 2007); *Lewis v. St. Cloud State Univ.*,

467 F.3d 1133, 1138 (8th Cir. 2006).  Likewise, "Dougherty has put forth no evidence from

which a reasonable juror could infer a causal relationship between" her termination and any

---

[3](...continued)
have had permission to arrive at work at 7:30 a.m. in April and May 2010 (not 7:00 a.m., as the
R&R states).  *See* ECF No. 42-3 at 43.  If true, this would undermine one of the justifications
asserted by Chisago County for firing Dougherty, as Dougherty's lack of punctuality would not
have been as egregious as Chisago County has claimed.  *But see id*. at 44 (implying that
Dougherty's start time began at 7:00 a.m.); ECF No. 30-8 at 2 (listing Dougherty's start time
during the relevant period as 7:00 a.m.).

Nevertheless, the Court agrees with the R&R that Chisago County has demonstrated a
sufficient non-discriminatory basis for terminating Dougherty.  In particular, as Dougherty
concedes in her objection, she violated a "Last Chance Agreement" [ECF No. 30-6] — itself
entered into after a string of earlier infractions — by arriving 23 minutes late for work on
February 3, 2011, *see* Am. Obj. at 19-20, and by not having her cell phone on her person at work
on February 10, 2011, *see id*. at 21.  Dougherty has submitted no evidence that any employee —
much less any male employee or younger employee — violated a Last Chance Agreement and
was not terminated.

protected activity, as is necessary to prevail on her retaliation claim.  R&R at 15.  *See also*

*Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 845 (8th Cir. 2002) (setting forth

elements of retaliation claim).

*Second*, Dougherty claims that she was defamed when her supervisors falsely told

Chisago County Sheriff Todd Rivard that Dougherty had previously been charged with a felony.

*See* Am. Obj. at 24-25.  But Dougherty's amended complaint did not give Chisago County notice

that Dougherty was making this claim.  Although Dougherty did plead a claim of defamation, *see*

Am. Compl. ¶¶ 62-65 [ECF No. 16], nothing in the amended complaint — or, for that matter, in

any document previously filed by Dougherty in this litigation — suggested that she was basing

her defamation claim on a statement made to Sheriff Rivard about her criminal record.  To the

contrary, Dougherty's amended complaint described her defamation claim as follows:

> Defendant falsely alleged and communicated to Plaintiff
> that Plaintiff engaged in conduct that violated Defendant's policies.
> . . . Based on information and belief, these false allegations have
> been communicated to third parties, including Plaintiff's co-
> employees, and have damaged Plaintiff's professional and personal
> reputation.

Am. Compl. ¶¶ 63-64.   In short, Dougherty's amended complaint asserts a defamation claim

based on statements made by employees of Chisago County to Dougherty and "third parties"

about conduct of Dougherty that allegedly "violated Defendant's policies."  (These statements

appear to be identified in ¶ 45 of Dougherty's amended complaint.)  The amended complaint

does not say a word about any employee of Chisago County making a statement to Sheriff Rivard

about Dougherty being charged with a felony.

Dougherty's assertion of this claim for the first time in an objection to an R&R amounts

to an attempt to amend her complaint, for which leave of the Court is required.  *See* Fed. R.

Civ. P. 15(a)(2).  Dougherty has not formally moved for leave to amend her complaint in a

manner that complies with Local Rules 7.1 and 15.1, and the Court denies her permission to

pursue her new claim on that basis.  *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir.

2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff

has not followed applicable procedural rules.").  Even if Dougherty had properly moved for leave

to amend her complaint, the Court would deny her motion, as the Court would not allow

Dougherty to inject a new defamation claim into this litigation at this late date.  As to those

aspects of her defamation claim which Dougherty did adequately plead in her amended

complaint, the Court agrees that Chisago County is entitled to summary judgment for the reasons

provided in the R&R.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court

OVERRULES plaintiff Kim A. Dougherty's objections [ECF Nos. 42 & 43] and ADOPTS the

R&R [ECF No. 41].  Accordingly, IT IS HEREBY ORDERED THAT:

1.   Defendant Chisago County's motion for summary judgment [ECF No. 27] is

     GRANTED.

2.   The amended complaint [ECF No. 16] is DISMISSED WITH PREJUDICE AND

     ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.


 Dated: July 31, 2013                                 s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge